PAZ, PLAINTIFF AND APPELLANT, *v.* BONET, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Mayagüez in an Action for Damages.—Attachment.

No. 2694.—Decided July 20, 1922.

ATTACHMENT—DISSOLUTION OF ATTACHMENT—SECURITY.—Whether property attached is personal or real, the party against whom the attachment was granted may dissolve it by giving good and sufficient personal security.

The facts are stated in the opinion.

*Messrs. Benet & Souffront* for the appellant.

*Mr. A. A. Vázquez* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Judgment having been rendered against the defendant on September 30, 1921, for the sum of $987, he appealed and thereupon the plaintiff moved for and was granted an attachment which was levied on several joint interests in rural properties and two other properties belonging to the defendant. At this juncture, on January 19, 1922, the defendant filed a motion in the district court alleging that the

properties attached were worth $13,000 and that he desired
to secure the payment of the judgment with good bonds-
men so that the court could order the dissolution of the
attachment.    The court heard both parties and finally, on the
14th of February, 1922, ruled on the motion as follows:

" *  *  *  it sustains the said motion and consequently orders
the dissolution of the attachment levied in this case on properties
of the defendant and the cancelation of the record made in the
registry of property after a bond is given in the sum of $1,500, the
defendant to serve a copy thereof on the plaintiff so that after
having notice thereof he may oppose it if he should be so advised,
and that when this order becomes final and the bond is approved
by the court, the clerk shall issue the corresponding writs for
compliance with what is here ordered."

The plaintiff appealed to this court and in his brief, after
transcribing sections 9 and 10 of the Act to secure the effect-
iveness of judgment of 1902, argues as follows.

"There is no doubt that, in the said Act to secure the effectiveness
of judgments, in prescribing in section 10 the manner in which an
attachment levied on personal property may be dissolved and in
not doing so as regards real property, either in section 9 or in any
other section of the said Act relative to the same, it excluded the
legal possibility of dissolving an attachment levied on real prop-
erty by means of a bond, and much less after judgment has been
rendered against the defendant."

The appellant furthermore points out in his brief the
risk of personal bonds and concludes that the intention of the
Legislature could not be to include in the provisions of sec-
tion 15 of the said Act attachments levied on real property.
Section 15 of the Act reads as follows:

"Sec. 15.—The payment or deposit by the defendant of the sums
claimed from him, or a bond given by him to cover the claim, shall
suspend the attachment ordered to secure said claim, or shall an-
nul an attachment already in force."

It is clear that the statute is general and, therefore, ap-

plicable to all kinds of attachments. The provision of section 10 has a distinct purpose. It refers to the deposit and alienation, as the case may be, of the properties attached.

We agree with the appellant in much of what he says with regard to personal bonds, but the law recognizes them and they must be accepted. The interested party may inquire into the sufficiency of the securities and object to the bond. The court will consider any just claim in order that the substitution may not deprive him of an acquired right. But the purpose of the law is to secure the effectiveness of the judgment that may have been or may be rendered by taking into consideration the interests of both parties. The facts of this case illustrate that the provisions of section 15 are necessary. The judgment was for less than $1,000. In the exercise of his lawful right, the defendant appealed. Also exercising his lawful right, the plaintiff moved for an attachment without bond. The motion was granted and five joint interests and two properties belonging to the defendant, valued in all at $13,000, were attached. The appeal might be delayed six months, or a year, or two years. Would it be fair that this attachment, which might have the effect of preventing the defendant from disposing freely of his properties, should remain in force when the defendant, by other means less burdensome, could secure the payment of the judgment? In our opinion the question must be answered in the negative.

Considering the view that we have taken of the matter, it is unnecessary to pass on the motion for dismissal filed by the appellee.

The appeal must be dismissed and the order appealed from

*Affirmed.*

Justices Aldrey, Hutchison and Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this case.